NUMBER 13-01-698-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





ERNEST LONGORIA, III , Appellant,



v.



THE STATE OF TEXAS , Appellee.






On appeal from the 36th District Court

of Aransas County, Texas.




O P I N I O N

Before Justices Yañez, Castillo, and Kennedy (1)

Opinion by Justice Kennedy




 Appellant was convicted by a jury of burglary of a habitation. The jury assessed punishment at confinement for fifteen
years and a fine of $15,000. Appellant's one "ground for review" alleges factually insufficient evidence to convict.

 In judging this appeal, we will view all of the evidence without the prism of "in the light most favorable to the
prosecution" and will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We will conduct a factual
sufficiency review in which we are authorized to disagree with the fact finder's determination of the facts; however, we will
be appropriately deferential and not substitute our judgment for that of the jury. Id. at 133.

 The testimony heard by the jury shows that after the injured parties (husband and wife) discovered their loss, they went to
several pawn shops in an effort to recover some or all of their property. At the first pawn shop, they saw three males in a
car in the parking lot. Finding none of their stolen property at this pawn shop, they went to another pawn shop and saw the
same three males. While the injured parties were at the second pawn shop, they saw one of the three men they had seen
earlier hand to the pawn shop custodian a ring that the female injured party identified as her property which had been
stolen. The injured parties left the second pawn shop and called the police. They then followed the three men as they
drove away and saw them apprehended by the police. One of the men apprehended was appellant. Appellant denied
involvement in the burglary. A pocket knife that the male complainant identified to be his was taken from appellant's
person by an officer who questioned appellant at the jail. 

 One of the other men who had pleaded guilty to involvement in the burglary identified appellant in the courtroom and
stated that he, appellant, was involved in the burglary. Prior to trial, this witness changed his story about appellant being
involved; however, at trial he once again implicated appellant in the burglary. Appellant's version of the events was that he
was with the other two men when they took the stolen property to the pawn shop but that he had no part in the burglary. He
explained his possession of the male complainant's knife by saying that he had bought it from one of the other two men.

 In addition to the above, a State's witness, who was an employee of the pawn shop where the ring was pawned, identified
appellant and said that he was in the pawn shop on the day in question and that appellant told her he was the owner of
complainant's ring.

 We have examined all of the evidence that the jury heard in this case. The jury's finding of guilt of the appellant is
supported by the evidence. We AFFIRM the judgment of the trial court. 

NOAH KENNEDY

Justice

Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 27th day of February, 2003.

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).